IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DOUGLAS S. QUEEN,** ) | |
| ) | |
| Plaintiff,                     ) | CIVIL ACTION |
| ) | |
| v.                                        ) | No. 25-2308-KHV |
| ) | |
| **KANSAS CITY, KANSAS POLICE** ) | |
| **DEPARTMENT and MISSION STUDIOS** ) | |
| **PROPERTY MANAGEMENT,** ) | |
| ) | |
| Defendants.                 ) | |
| ) | |

**MEMORANDUM AND ORDER**

On June 9, 2025, plaintiff filed suit pro se against the Police Department of Kansas City, Kansas and Mission Studios Property Management for violation of his civil rights under 42 U.S.C. §§ 1983 and 1985.[1]  Plaintiff alleges that because he complained about structural safety hazards, illegal construction labor and unlawful landlord practices at his apartment complex, defendants harassed and intimidated him and violated his right to due process.  This matter is before the Court on plaintiff's Motion For Consolidated Judicial Notice And Request For Immediate Injunctive Relief For Civil Rights Violations (Doc. #6) filed June 10, 2025.  For reasons stated below, the Court overrules plaintiff's motion.

**I.     Motion For Consolidated Judicial Notice**

Plaintiff asks the Court to take judicial notice of (1) the "Engineering Structural Report & Visual Evidence (Filed in WY-2025-LM-003502 and as Exhibit A to motion for damages)," (2) the

---

[1] The Court affords a pro se plaintiff some leniency and liberally construes his filings. See James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013).  Although the Court holds a pro se litigant's filings to a less stringent standard than formal pleadings drafted by attorneys, a pro se party must follow the same rules of procedure as all other litigants.  See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

"False Arrest and Officer Statement Evidence (Documented by Officer Natalie Canale and refuted by video evidence)," (3) the "Citation and Retaliatory Conduct Documentation (Music citation with no legal basis)," (4) the "Request for KBI and Sheriff's Department Investigation (Filed and served as formal petition)," (5) his sworn statements and (6) the "Pending Civil Rights Complaint under 42 U.S.C. § 1983." <u>Motion For Consolidated Judicial Notice And Request For Immediate Injunctive Relief For Civil Rights Violations</u> (Doc. #6) at 1–2. The Court can consider facts which are subject to judicial notice, <u>i.e.</u> facts which are not subject to reasonable dispute because they are generally known or capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Even so, plaintiff has not attached the relevant documents which he claims are subject to judicial notice or shown that they are relevant to the Court's ruling on any pending motion. The Court therefore overrules plaintiff's motion for judicial notice.

## II.     Motion For Immediate Injunctive Relief

Plaintiff seeks an immediate injunction, which the Court construes as a request for an ex parte temporary restraining order.[2] Plaintiff seeks an order which (1) enjoins defendants from further retaliation, citations, seizure or surveillance, (2) requires defendants to return his lawfully owned firearms and personal property which they seized without due process, (3) protects plaintiff from further unlawful detention, forced medical evaluation or interference with travel, property or residency and (4) consolidates related judicial proceedings. An ex parte temporary restraining

---

[2] To the extent that plaintiff's motion could be construed as a motion for a preliminary injunction, the Court overrules it. A preliminary injunction is an order issued "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Because plaintiff has not served defendants, they apparently have not received notice and have not had an opportunity to respond to the merits of plaintiff's request. The Court therefore overrules his request for a preliminary injunction.

order is an emergency remedy, which is reserved for exceptional circumstances and lasts only until the Court can hear arguments or evidence regarding the controversy.  <u>Uhlig, LLC v. PropLogix, LLC</u>, No. 22-2475-KHV, 2023 WL 8452426, at *1 (D. Kan. Dec. 6, 2023).  Plaintiff has not shown exceptional circumstances which would permit the Court to hear his request without notice to the opposing parties.  <u>See</u> <u>Granny Goose Foods, Inc. v. Teamsters</u>, 415 U.S. 423, 438–39 (1974) (ex parte temporary restraining orders run counter to principles that all parties receive reasonable notice and opportunity to be heard; restricted to serving underlying purposes of preserving status quo and preventing irreparable harm only so long as necessary to hold hearing and no longer).  Specifically, he has not explained how notice to opposing parties would result in immediate, irreparable harm such that notice would "render fruitless the further prosecution of the action." <u>Reno Air Racing Ass'n, Inc. v. McCord</u>, 452 F.3d 1126, 1131 (9th Cir. 2006) (quotations and citation omitted) (very few circumstances justify issuance of ex parte TRO).  The Court therefore overrules plaintiff's request for an ex parte temporary restraining order.

### III.    Request For Investigation

Plaintiff asks the Court to "support or refer" his complaint for investigation by the Wyandotte County Sheriff's Department and the Kansas Bureau of Investigation.  <u>Motion For Consolidated Judicial Notice And Request For Immediate Injunctive Relief For Civil Rights Violations</u> (Doc. #6) at 3.  Plaintiff cites no authority for his request.  The Court lacks authority to order nonparties to investigate plaintiff's complaint.  To the extent that plaintiff requests a referral of his complaint, he has not shown adequate grounds for the Court to do so.  In any event, plaintiff can submit his complaint directly to the Wyandotte County Sheriff's Department and the Kansas Bureau of Investigation.  The Court therefore overrules plaintiff's request for investigation.

**IT IS THEREFORE ORDERED** that plaintiff's <u>Motion For Consolidated Judicial Notice</u>

<u>And Request For Immediate Injunctive Relief For Civil Rights Violations</u> (Doc. #6) filed June 10, 2025 is **OVERRULED**.

Dated this 11th day of July, 2025 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge