IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOUGLAS S. QUEEN,

    Plaintiff,

v.

KANSAS CITY, KANSAS POLICE DEP'T, et al.,

    Defendants.

Case No. 25-CV-2308-KHV-TJJ

## ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to Amend Complaint (ECF No. 12) and Plaintiff's Motion for Appointment of Counsel (ECF No. 13). For the reasons set forth below, Plaintiff's Motions are DENIED.

1. **Plaintiff's Motion for Leave to Amend Complaint (ECF No. 12) is <u>denied</u>**

Plaintiff has filed this same motion for leave to file an amended complaint in multiple cases pending in this District, including: *Queen v. Kansas City Police Department, et al.*, 25-2292-JAR-TJJ; *Queen v. Canale, et al.*, 25-2298-JAR-TJJ; and *Queen v. City of Kansas City, Kansas, et al.*, 25-2459-EFM-TJJ. Because Plaintiff has filed the motion to amend, proposing the same allegations be pled in each case, Plaintiff is clearly attempting to consolidate the above-listed matters and this case into one action. The Court will thus construe Plaintiff's Motion for Leave to Amend as a motion to consolidate and deny the motion.

Federal Rule of Procedure 42(a) provides: "If actions before the court involve common questions of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or

delay." The Court has "substantial discretion in deciding whether and to what extent to consolidate cases."[1]  "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[2]  In exercising its discretion, the Court should also consider: "(1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate."[3]

The Court has already found consolidation of cases *Queen v. Kansas City Police Department, et al.*, 25-2292-JAR-TJJ, *Queen v. Canale, et al.*, 25-2298-JAR-TJJ, and *Queen v. City of Kansas City, Kansas, et al.*, 25-2308-EFM-TJJ is inappropriate.[4]  In this case, though Plaintiff brings his claims against some of the same parties, his claims are predicated on a different factual background.  Therefore, the Court does not find that consolidation—by allowing Plaintiff

---

[1] *Hall v. Hall*, 584 U.S. 59, 77 (2018).

[2] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008).

[3] *Vickers v. Green Tree Servicing, LLC*, No. 15-1252-JTM-GEB, 2015 WL 7776880, at *2 (D. Kan. Dec. 2, 2015) (quoting *Sprint Commc'ns, LP v. Cox Commc'ns, Inc.*, No. 11-2683-JAR-KMH, 2021 WL 1825222, at *1 (D. Kan. May 18, 2012)).

[4] *Queen v. Canale, et al.*, No. 25-2298-JAR-TJJ, 2025 WL 1918568, at *2 (D. Kan. July 11, 2025); Order Denying Mot. to Amend Complaint, ECF No. 12, No. 25-2459-EFM-TJJ (Aug. 21, 2025).

to plead the same allegations in each of the above-listed cases and this case—is in the interest of judicial economy, convenience, or would save costs at this state of litigation.

Further, Plaintiff's motion attempts to "incorporate his prior allegations" and he fails to attach a complete proposed amended complaint to his motion and therefore has not complied with D. Kan. R. 15.1(a)(2). To the extent Plaintiff is seeking to amend his complaint by reference or interlineation, the Court will not permit him to do so here. Amendment of the pleadings by interlineation is not expressly allowed by Fed. R. Civ. P. 15 or D. Kan. R. 15.1, "and generally 'courts do not permit plaintiffs to amend their complaints by interlineation, and instead require amendment so that a pleading is complete by itself.'"[5] Allowing amendment by interlineation or reference would make it difficult for Defendants and the Court to understand and determine the operative allegations. Therefore, Plaintiff's Motion for Leave to Amend Complaint is denied.

Additionally, because the Court has found it is not appropriate to consolidate Plaintiff's four pending cases due to their factual distinctions,[6] the Court also finds Plaintiff's current practice of filing the same pleadings and motions in all of his cases by placing multiple case numbers in

---

[5] *Abraham v. Mercedes-Benz USA LLC*, No. 24-cv-2354-DDC-TJJ, 2025 WL 1548437, at *1 n.3 (D. Kan. May 30, 2025) (quoting *Poslof v. Martel*, No. 3:18-cv-00761-MMA-AGS, 2018 WL 3019916, at *3 (S.D. Cal. June 18, 2018)).

[6] *See generally Queen v. Kansas City, Kansas Police Dep't, et al.*, 25-cv-2292-JAR-TJJ (alleging Plaintiff was falsely arrested when he was accused of stealing lumber and other materials from apartment complex's dumpster); *Queen v. Canale, et al.*, 25-cv-2298-JAR-TJJ (alleging Plaintiff was coerced into surrendering his firearm and knife and was placed in an involuntary psychiatric hold); *Queen v. Kansas City, Kansas Police Dep't, et al.*, 25-cv-2308-KHV-TJJ (alleging Plaintiff was harassed by his apartment complex for documenting unsafe conditions and was issued a retaliatory noise-related citation); *Queen v. City of Kansas City, Kansas, et al.*, 25-2459-EFM-TJJ (alleging apartment complex management entered Plaintiff's apartment and removed property without authorization and engaged in retaliatory conduct).

the caption to be inappropriate. While the Court recognizes Plaintiff's *pro se* status and the difficulties that come with it, Plaintiff chose to bring four different cases based on four distinct factual scenarios. Therefore, the Court strongly encourages Plaintiff to carefully consider which of his cases pleadings should be made in, and to only make case-specific pleadings henceforth. Failure to do so may result in pleadings that are filed in all of Plaintiff's cases being struck from the record.

2. **Plaintiff's Motion for Appointment of Counsel (ECF No. 13) is <u>denied without prejudice</u>**

Unlike a criminal defendant, a plaintiff in a *civil* case has no constitutional or statutory right to appointed counsel.[7] For a party proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel." The provision, however, does not provide a statutory right to counsel.[8] In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[9] Further, the party requesting the appointment of counsel must make

---

[7] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[8] *See, e.g., Leon v. Garmin Int'l.,* No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010).

[9] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

diligent efforts to secure an attorney on his or her own.[10] This District's form motion for appointment of counsel in a civil case requires the movant to list at least five attorneys contacted before filing the motion.

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[11] Therefore, the Court would have to find an attorney willing to be appointed and provide his or her legal services pro bono (without payment). The Court therefore must make thoughtful and prudent use of its appointment power.

The Court has considered Plaintiff's motion for appointment of counsel under the above factors and concludes the factors do not warrant the appointment of counsel at this time. Plaintiff has failed to show diligence in attempting to find counsel by contacting with five attorneys or law firms (or organizations that provide legal services pro bono or for reduced fees) before filing his motion. Finally, a review of Plaintiff's filings to date shows that he appears capable of adequately representing himself without counsel at this early stage of the proceedings.

---

[10] *Cline v. Seal*, No. 22-CV-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[11] *See Castner*, 979 F2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 12) and Plaintiff's Motion for Appointment of Counsel (ECF No. 13) are DENIED.

**IT IS SO ORDERED.**

Dated August 29, 2025, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge