### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DOUGLAS QUEEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 5:25-cv-02308-KHV-TJJ |
| KANSAS CITY, KANSAS POLICE DEPARTMENT and MISSION STUDIOS PROPERTY MANAGEMENT, | ) ) ) ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION
### FOR DISMISSAL OF PLAINTIFF'S COMPLAINT

### NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), Plaintiff may file a written objection to this report and recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

### REPORT AND RECOMMENDATION

Douglas S. Queen, proceeding *pro se*, filed this action against the Kansas City, Kansas Police Department ("KCKPD") and Mission Studios Property Management (jointly "Defendants"). Plaintiff brings claims under 42 U.S.C. §§ 1983 and 1985 for alleged violations of his constitutional rights.

**I.   Relevant Background**

Plaintiff's Complaint (ECF No. 1) raises claims under 42 U.S.C. § 1983 for alleged violations of his First (Count I) and Fourteenth (Count II) Amendment rights, and for "harassment and intimidation by private actor under color of state law" (Count III).  Plaintiff also raises a conspiracy to deprive civil rights claim under 42 U.S.C. § 1985 (Count IV).  Plaintiff's claims all arise from an incident that occurred at his apartment complex.  Plaintiff claims on June 6, 2025, he was approached and verbally harassed by Defendant Mission Studios Property Management for photographing construction activity he deemed to create "unsafe conditions."  Plaintiff then alleges, in retaliation, KCKPD officers arrived and cited Plaintiff for a noise violation.  Plaintiff states the officer did not provide a decibel reading and was unable to define what "too loud" means under the law.  Plaintiff claims the noise citation was "issued in a manner that was arbitrary, retaliatory, and intended to intimidate Plaintiff for exercising his First Amendment rights and seeking government protection."  Plaintiff seeks compensatory damages in the amount of $2.5 million, punitive damages in the amount of $20 million, injunctive relief against further harassment, and removal or invalidation of any citations issued under improper standards.

After careful review of Plaintiff's Complaint, the undersigned Magistrate Judge concludes none of Plaintiff's purported claims are sufficient to state a claim upon which relief may be granted.

## II.     Applicable Legal Standards

When a party seeks to proceed without the prepayment of fees, in forma pauperis ("IFP"), 28 U.S.C. § 1915 requires the court to screen the party's complaint.  The court must dismiss the complaint if it determines that the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from

suit.[1]  The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[2]

This Court reviews the sufficiency of Plaintiff's Complaint under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[3]  Plaintiff "must allege sufficient facts to state a claim which is plausible—more than merely conceivable—on its face."[4]  Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must provide a "short and plain statement of the claims showing that the pleader is entitled to relief."  Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief beyond the speculative level."[5]  Plaintiff proceeds *pro se*, thus his pleadings must be construed liberally.[6]  However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based,"[7] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[8]

"Apart from the court's obligation to screen IFP complaints for merit, the court has an independent obligation to determine if subject-matter jurisdiction exists."[9]  "[F]ederal courts are courts of limited subject-matter jurisdiction" and "may only hear cases when empowered to do so

---

[1] 28 U.S.C. § 1915(e)(2)(B).
[2] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[3] *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).
[4] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[5] *Bell Atl. Corp.*, 550 U.S. at 545.
[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[7] *Id.*
[8] *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).
[9] *Martinez v. Pickering*, No. 21-4083-JAR-ADM, 2021 WL 12146947, at *2 (D. Kan. Dec. 8, 2021), *report and recommendation adopted*, No. 21-4083-JAR-ADM, 2022 WL 21778539 (D. Kan. Feb. 28, 2022) (citing *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015)).

by the Constitution and by act of Congress."[10] Within the meaning of § 1915(e), a complaint is frivolous "if its subject matter is outside the jurisdiction of the court."[11]

### III. Screening of Plaintiff's Complaint

#### A. Plaintiff's 42 U.S.C. § 1983 Claims

Preliminarily, the Tenth Circuit has made clear "to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated."[12] Plaintiff has failed to meet this standard or to adequately plead such information in his Complaint. The undersigned therefore recommends Plaintiff's § 1983 claims (Counts I, II, and III) be dismissed pursuant to 28 U.S.C. § 1915(e)(ii)(B)(ii) for failure to state a claim. The Court further recommends dismissal specific to each Defendant for the reasons set forth below.

##### i. Plaintiff's 42 U.S.C. § 1983 Claims Against Defendant Mission Studios Property Management (Counts I & III)

In Counts I and III of his Complaint, Plaintiff asserts claims against Defendant Mission Studios Property Management pursuant to 42 U.S.C. § 1983. However, state action is a prerequisite to maintaining an action under 42 U.S.C. § 1983.[13] To establish the requisite state action, Plaintiff must show Defendant Mission Studios Property Management's alleged actions were "fairly attributable to the state."[14] The Tenth Circuit applies four different tests to determine

---

[10] *Gad*, 787 F.3d at 1035.
[11] *Oltremari by McDaniel v. Kan. Social & Rehabilitative Serv.*, 871 F. Supp. 1331, 1333 (D. Kan. 1994).
[12] *Id.* at *1 (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)) (alterations in original).
[13] *Cullen v. K-Mart, et al.*, No. 07-3206-SAC, 2008 WL 107978, at *1 (D. Kan. Jan. 8, 2008) ("To state a claim under 42 U.S.C. § 1983, plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").
[14] *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982).

whether a private entity is subject to liability as a state actor: the nexus test, the symbiotic relationship test, the joint action test, and the public function test.[15]

> The nexus test requires a sufficiently close nexus between the government and the challenged conduct and, in most cases, renders a state liable for a private individual's conduct only when the State has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State. The symbiotic relationship test asks whether the state has so far insinuated itself into a position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity. The joint action test requires courts to examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights. Finally, the public function test asks whether the challenged action is a function traditionally exclusively reserved to the State. No matter the test applied, the conduct allegedly causing the deprivation of a federal right must be fairly attributable to the State.[16]

Here, regardless of which test is applied, Plaintiff fails to allege facts sufficient to show the conduct of Defendant Mission Studios Property Management is "fairly attributable to the state." Plaintiff pleads no facts to show what, if any, relationship Defendant Mission Studios Property Management has with the state, and does not describe the use of any governmental power by Defendant Mission Studios Property Management.[17]  Plaintiff's conclusory statement that Defendant Mission Studios Property Management acted under color of state law is insufficient to show state action.  The undersigned therefore recommends Counts I and III, as they pertain to Defendant Mission Studios Property Management, be dismissed pursuant to 28 U.S.C. § 1915(e)(ii)(B)(ii) for failure to state a claim.

### ii. Plaintiff's 42 U.S.C. § 1983 Claims Against Defendant KCKPD (Counts I & II)

---

[15] *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995).
[16] *Shophar v. City of Olathe*, No. 15-CV-4961-DDC-KGS, 2017 WL 2618494, at *5 (D. Kan. June 16, 2017), *aff'd*, 723 F. App'x 579 (10th Cir. 2018).
[17] *See Hall v. Witteman*, 584 F.3d 859, 865 (10th Cir. 2009).

Plaintiff also brings his § 1983 claims against Defendant KCKPD. However, "police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality."[18] Furthermore, a governmental entity may not be held liable under § 1983 unless the entity itself supported the violation of the rights alleged.[19] "As such, liability generally attaches to a governmental entity when the alleged injury is caused by the entity's policy or custom," or if Plaintiff's rights were violated by one of the entity's final policy makers.[20] Plaintiff makes no such allegations in his Complaint. The undersigned therefore recommends Counts I and II, as they pertain to Defendant KCKPD, be dismissed pursuant to 28 U.S.C. § 1915(e)(ii)(B)(ii) for failure to state a claim.

### B. Plaintiff's 42 U.S.C. § 1985 Claim (Count IV)

Plaintiff brings his 42 U.S.C. § 1985 claim against all Defendants. Plaintiff alleges Defendants engaged in a "coordinated effort to suppress, retaliate against, and intimidate Plaintiff for exercising his First Amendment Rights and seeking government protection." Section 1985 deals with conspiracies to interfere with civil rights. "To state a claim for conspiracy, a plaintiff must include in his complaint enough factual allegations to suggest that an agreement was made. A bare assertion of conspiracy, absent context implying a meeting of the minds, fails to raise a right to relief above the speculative level."[21] Plaintiff provides no factual allegations whatsoever to demonstrate any type of agreement was made between Defendants in connection with the alleged violation of Plaintiff's constitutional rights. Plaintiff therefore fails to state a claim under

---

[18] *Jackson v. Lawrence Police Dep't*, No. 22-3302-JWL-JPO, 2023 WL 1069892, at *5 (D. Kan. Jan. 27, 2023); *Ramsey v. Kansas City, Kansas Police Dep't*, No. 1803224-SAC, 2019 WL 2994546, at *2 (D. Kan. July 9, 2019); *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, at *2 (10th Cir. 1992).
[19] *Monell v. Dep't of Social Servs. Of City of N.Y.*, 436 U.S. 658, 691 (1978).
[20] [20] *Jackson v. Lawrence Police Dep't*, 2023 WL 1069892, at *5; *Hall v. Witteman*, 569 F. Supp. 2d at 1219 (citing *Simmons v. Uintah Health Care Special Dist.*, 503 F.3d 1281, 1284–85 (10th Cir. 2007)).
[21] *Jackson v. Lockridge*, No. 25-3013-JWL, 2025 WL 901284, at *4 (D. Kan. Mar. 25, 2025) (citing *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010)).

Section 1985.  The undersigned therefore recommends Count IV be dismissed pursuant to 28 U.S.C. § 1915(e)(ii)(B)(ii) for failure to state a claim.

## **RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that the District Judge dismiss without prejudice all of Plaintiff's claims against all Defendants, as set forth in the Complaint, under 28 U.S.C. § 1915(e)(2)(B)(ii) because they fail to state claims upon which relief may be granted.

**IT IS SO ORDERED.**

Dated September 22, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge